IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VON VICTOR BOOKHAMMER,             )
                                   )
            Plaintiff,             )
                                   )
      v.                           ) Civil Action No. 07-156J
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant.             )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 30th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 18) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 16) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications[1] for disability insurance benefits and supplemental security income on July 13, 2004, alleging a disability onset date of April 29, 2004, due to fractures of the upper and lower limbs sustained in an automobile accident. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on January 9, 2006, at which plaintiff, represented by counsel, appeared and testified. On March 8, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On May 7, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 30 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). He has a high school education. Plaintiff has past relevant work experience as an

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and has acquired sufficient quarters of coverage to remain insured through December 31, 2008.

AO 72
(Rev. 8/82)

assembler, recreation aide, machine tender, security guard and die cutter, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of right foot drop due to sciatic neuropathy and residuals of an open reduction internal fixation of the right acetabulum and a left ulnar fracture non-union, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of his impairments. (R. 15). Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff is capable of performing his past relevant work of assembler and security guard in light of his age, education, work experience and residual functional capacity.[2] Accordingly, the ALJ determined that

---

[2] The vocational expert also identified numerous other jobs which an individual of plaintiff's age, education, work experience and residual functional capacity could perform, including ticket seller and routing clerk/mail sorter at the light exertional level, and product inspector and order clerk at the sedentary exertional level. As a result, the ALJ alternatively found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy.

plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[3] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's findings at steps 3 and 4 of the sequential evaluation process. Specifically, plaintiff

---

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920.

contends: (1) the ALJ erred at step 3 by finding that none of plaintiff's impairments meet any of the listed impairments set forth in the regulations; (2) the ALJ erred at step 4 in finding that plaintiff retains the residual functional capacity to perform light work; and, (3) the ALJ failed to give adequate weight to plaintiff's testimony regarding his pain and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's impairments - Listings 1.02 (joint dysfunction); 1.06 (pelvic fracture); 1.07 (ulna fracture); and 11.00 (neurological disorders) - and adequately explained why plaintiff's impairments do not meet or equal the

severity of any of those listed impairments. (R. 15); see Burnett, 220 F.3d at 120, n.2. The ALJ's findings in this regard are supported by substantial evidence as outlined in the ALJ's decision.

Moreover, plaintiff has failed to meet his burden of presenting any medical findings to either the ALJ or to this court showing that his impairments meet or equal any listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that he failed to meet a listing without pointing to any evidence in the record that would support such a finding. Accordingly, the court finds plaintiff's first argument to be without merit.

Plaintiff next challenges the ALJ's finding of not disabled at step 4 of the sequential evaluation process. At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. §§404.1520(e) and 416.920(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a) and 416.945(a).

Here, the ALJ found that plaintiff retains the residual functional capacity to perform light work activity with numerous restrictions. The ALJ then compared plaintiff's residual functional capacity with the physical and mental demands of plaintiff's past relevant work as an assembler and as a security guard, and concluded that plaintiff retains the ability to perform both of those positions as actually performed. (R. 16). He also noted that the vocational expert testified that the stated restrictions would not preclude plaintiff from performing those past jobs. (Id.)

It is apparent from the record that in determining plaintiff's residual functional capacity the ALJ properly considered not only plaintiff's reports of his activities of daily living, but also considered plaintiff's allegations in light of the medical evidence, his treatment history and all of the other evidence of record as required under the regulations. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence in the record.

Plaintiff contends that the ALJ's finding that plaintiff can perform his past relevant work as a security guard and as an assembler is contrary to the testimony of the vocational expert. Specifically, plaintiff asserts that the vocational expert's testimony suggests that plaintiff could not perform his past work as a security guard because of his need to climb stairs every hour, and that he could not perform his past work as an assembler with the additional limitations of a ten-pound lifting restriction

with his upper left arm and the ability to use the upper left arm only for purposes of "assistance and balance." Plaintiff's argument is unavailing.

First, as to the assembler position, the additional limitations advanced by plaintiff in his hypothetical to the vocational expert involving a ten-pound lifting restriction and use of the left upper arm solely for "assistance and balance" are not supported by the evidence of record. To the contrary, the record indicates that plaintiff was entirely asymptomatic as to his left ulnar fracture (R. 301-2) and that plaintiff himself reported that he could lift heavy items using his left upper extremity (R. 299) and that he could perform numerous activities requiring the use of both upper extremities. (R. 346-48).

As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's finding that plaintiff

retains the ability to perform his past work as assembler.

Moreover, as to the security guard position, the vocational expert did not definitively state that plaintiff could not perform that past work restricted to only occasional climbing of stairs, he merely indicated that such a restriction could be troublesome if plaintiff needed to climb stairs one-third of the time. However, plaintiff testified that it took him about 15-20 minutes, once an hour, to walk around the entire plant, but he did not testify that he would be climbing stairs that whole time. At best, the vocational expert's testimony on this point is unclear. However, even assuming plaintiff cannot perform his past work as security guard, as already discussed substantial evidence supports the ALJ's finding that plaintiff can perform his past work as an assembler. Accordingly, there is no error in the ALJ's finding of not disabled at step 4.[4]

Finally, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an

---

[4] It should also be emphasized that, even if plaintiff had been able to successfully show that the ALJ erred in finding that plaintiff could perform either of his past relevant jobs, the fact remains that the ALJ made an alternative finding at step 5 that other jobs, both light and sedentary, exist in significant numbers that an individual of plaintiff's age, education, work experience and residual functional capacity can perform. (R. 16). Plaintiff has not challenged the ALJ's alternative finding of not disabled at step 5.

ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

In this case, in assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ concluded that plaintiff's statements concerning the intensity, duration and limiting effects of his symptoms are not entirely credible. (R. 15). The ALJ then explained how plaintiff's allegations of totally disabling pain and limitations are inconsistent with both his self-reported activities of daily living as well as with the clinical and objective medical findings of record. (R. 16). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard, Suite B
    Altoona, PA 16602

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901